# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BETSY NELSON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> NATIONSTAR MORTGAGE, LLC, d/b/a MR COOPER, <br><br> Defendant. | Case No.: 6:23-cv-03339 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*., ("RESPA") and Missouri law.

## JURISDICTION AND VENUE

2. The court has subject matter jurisdiction to grant the relief sought by the Plaintiff pursuant to 12 U.S.C. § 2614 and 28 U.S.C. §§ 1331, 1337, and 1367. The court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are more than one hundred (100) members in the proposed class; (2) various members of the proposed class are citizens of states different from where Defendants are citizens; and (3) the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.00 in the aggregate.

3. Venue in this District is proper in that Defendant directed its conduct into the District.

## PARTIES

3. Plaintiff Betsy Nelson (f.k.a. Betsy Kinney) is an individual who resides in the Western District of Missouri (Greene County).

4. Plaintiff is also a "borrower" as defined by RESPA, 12 U.S.C. § 2605, in that Plaintiff obtained a federally related mortgage loan that was serviced by Defendant.

5. Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") is a foreign limited liability company with its principal offices located at 8950 Cypress Waters Boulevard, Dallas, Texas 75019.

6. Nationstar does business under the fictitious or trade name "Mr. Cooper."

7. Nationstar is one of the largest mortgage servicers in the United States. *See, e.g.,* https://www.housingwire.com/articles/42231-big-banks-release-their-hold-on-mortgage-servicing-industry/ (accessed November 2, 2023) ("The largest non-bank servicer, Nationstar Mortgage, which now does business as Mr. Cooper, continued its acquisition activity through the year, growing 7.6% over the year, according to Fitch's report.").

8. Nationstar is a "servicer" as defined by RESPA, 12 U.S.C. § 2605, in that Nationstar was responsible for servicing a federally related mortgage loan.

## FACTS

12. On or around October 31, 2018, Plaintiff entered into a note and mortgage with Flat Branch Mortgage, Inc. ("Flat Branch") in the amount of $157,509.00 (the "Mortgage Loan") to purchase a real estate property located at 9349 East State Highway DD, Strafford, MO 65757 (the "Property").

2

Case 6:23-cv-03339-MDH   Document 1   Filed 11/06/23   Page 2 of 11

13. The Mortgage Loan was secured by the Property. The Property features a single-family home, built in 1929, situated on 35 acres of land. *See* https://www.zillow.com/homedetails/9349-E-State-Hwy-Strafford-MO-65757/50226153_zpid/.

14. The Mortgage Loan is a "federally related mortgage loan," "residential mortgage transaction," and "consumer credit transaction secured by a consumer's principal dwelling" as those terms are used in RESPA, TILA, Regulation X, and Regulation Z. 12 U.S.C. § 2601(a); 15 U.S.C. § 1602; *see Dellis v. Fay Servicing, LLC*, No. 18-C-202, 2019 U.S. Dist. LEXIS 105036 *14 (E.D. Wis. June 21, 2019) ("The statute [RESPA] applies to 'federally related mortgage loan[s],' a term that includes loans secured by a lien on residential real estate 'designated principally for the occupancy of from one to four families,' for which the lender is federally regulated or has deposits or accounts insured by the federal government.").

15. Sometime before May 1, 2020, Plaintiff applied for a forbearance on her mortgage payments as a result of economic hardship she was experiencing in connection with the COVID-19 Pandemic. *See* 15 U.S.C. § 9056(a)(2). On or around May 1, 2020, Plaintiff was granted such forbearance, which provided for, among other things, the suspension of her monthly mortgage payments through March 30, 2021. Plaintiff subsequently had the forbearance extended through July 31, 2021. Plaintiff ultimately accrued $20,748.00 in suspended payments, the payment of which were deferred until the maturation of the Mortgage Loan.

16. On or around September 2, 2021, servicing of the Mortgage Loan was transferred to Nationstar as a subservicer for Lakeview Loan Servicing, LLC.

17. On or around January 26, 2022, Plaintiff made an application to refinance the Mortgage Loan through Flat Branch in order to take advantage of low interest rates. In the course of submitting her application, Plaintiff learned that Nationstar had improperly accounted for

3

$41,496.00 of suspended payments, double the actual amount, which caused the balance of the Mortgage to be increased by $20,748.00.

18. Between March 5, 2022 and March 16, 2022, Plaintiff contacted Nationstar multiple times by telephone to alert Nationstar to the error so that it could be corrected for the purpose refinancing the Mortgage Loan, but none of the representatives of Nationstar acknowledged the error, and Plaintiff received no further response from Nationstar.

19. On a March 16, 2022 phone call with a person calling on behalf of Plaintiff, a Nationstar representative confirmed that Plaintiff had called multiple times about this issue and that an escalation ticket had been entered, and advised that Nationstar had been receiving phone calls regarding the same issue for several customers.

20. On a March 17, 2022 phone call with a person calling on behalf of Plaintiff, a member of Nationstar's escalation response team indicated that this was a "widespread issue" and advised that Nationstar had assigned several case numbers to the issues Plaintiff raised, including some case numbers that were closed as "issue resolved" notwithstanding the fact that the issues clearly had not been resolved.

21. On March 31, 2022, as a result of Nationstar's failure to correct the payoff balance of the Mortgage Loan within a reasonable time, Plaintiff was forced to accept the offer to refinance the Mortgage Loan subject to the inflated balance in order to lock-in the low interest rate.

22. On or around April 13, 2022, after Plaintiff engaged counsel to contact Nationstar on her behalf, Nationstar sent Plaintiff's counsel a letter finally acknowledging that it improperly doubled the amount of missed payments and misstated the payoff amount of the Mortgage Loan. A copy of the letter is attached to this Complaint as Exhibit A.

23. Exhibit A states: "a check, in the amount of $21,679.95, will be refunded, to the address on file, within 20 business days of the payoff date."

24. Despite acknowledging its errors on or around April 13, 2022, Nationstar failed to tender payment to Plaintiff until on or around October 31, 2022; Nationstar failed to compensate Plaintiff for the loss of any interest which accrued on the misappropriated funds.

25. Nationstar acted with actual malice and intentional disregard for Plaintiff's rights.

26. Plaintiff incurred pecuniary loss as a result of Nationstar's unlawful conduct, including the accrual of additional interest on the inflated balance of the Mortgage Loan after it was refinanced. *See Ellis v. Nationstar Mortg., LLC*, No. 19-cv-661, 2021 U.S. Dist. LEXIS 24358 at *5-6 (E.D. Wis. Feb. 9, 2021) ("I am also satisfied that Plaintiffs state plausible allegations of actual damages …. Even when refunded over a week after the fact, Plaintiffs still had to forego or delay other expenses to avoid more overdrafts and further harm to their relationship with their bank and credit rating.").

27. Plaintiff had to spend time and money investigating Nationstar's actions, including Nationstar's unreasonably long response time after being notified about the errors at issue. In failing to timely reimburse Plaintiff, Nationstar intentionally harmed her without just cause and is therefore liable for punitive damages. *See* Mo. Rev. Stat. § 510.261

### *RESPA*

28. Congress passed the Real Estate Settlement Procedures Act ("RESPA") in 1974 to protect homeowners by assisting them in becoming better educated while shopping for real estate services, and eliminating kickbacks and referral fees, which add unnecessary costs to settlement services.

5

29. RESPA requires lenders and others involved in mortgage lending to provide borrowers with pertinent and timely disclosures regarding the nature and costs of a real estate settlement process, and also governs the servicing and administration of borrowers' accounts by servicers.

30. Administering accounts and initiating electronic funds transfers pursuant to established authorization protocols are standard servicers' duties.

31. 12 U.S.C. § 2605(k)(1)(C) states that a servicer of a federally related mortgage shall not fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties.

32. Congress has also authorized the CFPB to promulgate rules and regulations to curtail abusive practices by the servicers of federally related mortgage loans, including the regulations codified at 12 C.F.R. § 1024 ("Regulation X") and certain of the regulations codified at 12 C.F.R. § 1026 ("Regulation Z"), which the CFPB has described as "companion rules" that together implement the Real Estate Settlement Procedures Act and the Truth in Lending Act. *See, e.g.,* 78 Fed. Reg. 10696, 10866 n.276; 78 Fed. Reg. 10902.

33. These companion rules create obligations that are found by the CFPB by regulation to be appropriate to carry out the consumer protection purposes underlying TILA and RESPA.

34. One such "companion rule" is 12 C.F.R. § 1026.36(c), which governs practices in connection with credit secured by a consumer's dwelling, including both the crediting of payments and the accuracy of a servicer's payoff statements. 78 Fed. Reg. 10902, 10909; *see also* 78 Fed. Reg. 10696, 10741, 10742 (promptly crediting borrowers' payments and providing accurate payoff amounts are standard servicer's duties as set forth in section (6)(k)(1)(c) of RESPA).

6

Case 6:23-cv-03339-MDH   Document 1   Filed 11/06/23   Page 6 of 11

35. 12 C.F.R. § 1026.36(c)(3) states:

> Payoff statements. In connection with a consumer credit transaction secured by a consumer's dwelling, a creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date.

36. Congress has authorized a private right of action for borrowers whose servicers violate RESPA, fail to timely correct errors, or otherwise fail to comply with any obligation found by the CFPB to be appropriate to carry out the consumer protection purposes of RESPA. 12 U.S.C. §§ 2605(f), 2605(k)(1)(E), and 2614.

## COUNT I – RESPA

37. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this complaint.

38. Nationstar improperly applied an additional $20,748.00 of suspended payments, double the actual amount, to the payoff balance of the Mortgage Loan.

39. Nationstar failed to correct its errors and provide an accurate payoff statement in a reasonable and timely fashion.

40. Defendant violated 12 U.S.C. §§ 2605(k)(1)(C) and 2605(k)(1)(E), and 12 C.F.R. §§ 1026.36(c)(1)(i), 1026.36(c)(1)(ii), and 1026.36(C)(3).

## COUNT II – Breach of Implied Covenant of Good Faith and Fair Dealing

41. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this complaint.

42. An express or implied contract existed between Nationstar and Plaintiff, the terms of which included an implied covenant of good faith and fair dealing. *See Rock Port Mkt., Inc. v. Affiliated Foods Midwest Coop., Inc.*, 532 S.W.3d 180 (Mo. App. W.D. 2017).

43. Nationstar improperly applied an additional $20,748.00 of suspended payments, double the actual amount, to the payoff balance of the Mortgage Loan.

44. Such conduct was objectively unreasonable and evaded the spirit of the bargain between Nationstar and Plaintiff.

45. As a result of Defendant's misconduct and breach, Plaintiff did not receive the benefit of the bargain for which they contracted and have been otherwise damaged.

## COUNT III – Unjust Enrichment

46. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this complaint.

47. Nationstar improperly applied an additional $20,748.00 of suspended payments, double the actual amount, to the payoff balance of the Mortgage Loan.

48. Nationstar retained money from Plaintiffs in justice and equity Nationstar should not be permitted to keep.

49. The benefit conferred by Plaintiffs was non-gratuitous, Nationstar realized value from this benefit, and Nationstar had knowledge of that benefit. Upon information and belief, Nationstar obtained and retained interest or other proceeds from investing the money that rightfully belongs to Plaintiffs, and Nationstar's actions deprived Plaintiffs of the opportunity to invest the same money.

50. It would be inequitable for Nationstar to retain this benefit without payment of the value to Plaintiffs.

## COUNT IV – Conversion

51. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this complaint.

52. Nationstar improperly applied an additional $20,748.00 of missed payments, double the actual amount, to the payoff balance of the Mortgage Loan.

53. Nationstar failed to correct its errors and provide an accurate payoff statement in a reasonable and timely fashion.

54. Plaintiff had a right of ownership and control over the funds which Nationstar unlawfully withheld.

55. Plaintiff never authorized Nationstar to continue to withhold funds and Nationstar's exercise of control over funds that rightfully belonged to Plaintiff was inconsistent with Plaintiff's rights of ownership.

56. Nationstar had actual or constructive knowledge that its exercise of control was inconsistent with Plaintiff's rights of ownership.

57. Plaintiff suffered damages as a result of Nationstar's unlawful conduct.

## COUNT V – Accounting

58. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this complaint.

59. Nationstar improperly applied an additional $20,748.00 of suspended payments, double the actual amount, to the payoff balance of the Mortgage Loan.

60. Plaintiff seeks a full accounting of the Mortgage Loan.

## CLASS ALLEGATIONS

61. Plaintiff brings this action on behalf of a Class, consisting of:

All persons residing in the United States of America, (a) for whom Nationstar serviced a loan secured by their real or personal property, (b) who requested a payoff balance from Nationstar in connection with a refinancing or any other purpose, (c) where Nationstar reported a payoff balance in excess of the actual payoff balance.

62. Plaintiff also brings this action on behalf of a Subclass, consisting of all members of the Class residing in the State of Missouri.

63. The time period for the Class and Subclass is as far back as the law allows.

64. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than forty members of the Class.

65. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members.

66. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

67. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer class action cases.

68. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

69. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) punitive damages;

(d) declaratory relief;

(e) injunctive relief;

(f) attorneys' fees, litigation expenses and costs of suit; and

(g) such other or further relief as the Court deems proper.

Dated: November 6, 2023

By:    */s/Mitchell L. Burgess*
      Mitchell Burgess   #47524
      **BURGESS LAW FIRM PC**
      4505 Madison Ave, Suite 200
      Kansas City, Missouri 64111
      (816) 471-1700/FAX (816) 471-1701
      mitch@burgesslawkc.com
      **ATTORNEY FOR PLAINTIFF**
      **AND THE PROPOSED CLASS**

**OF COUNSEL**

**ADEMI LLP**
Shpetim Ademi (*pro hac vice* to be submitted)
Jesse Fruchter (*pro hac vice* to be submitted)
Ben J. Slatky (*pro hac vice* to be submitted)
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Tel. 414-482-8000
Fax 414-482-8001
sademi@ademilaw.com
jblythin@ademilaw.com
jfruchter@ademilaw.com
**ATTORNEYS FOR PLAINTIFF**
**AND THE PROPOSED CLASS**