IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BETTY NELSON, individually and on behalf of all others similarly situated ) ) ) Plaintiffs, ) ) v. ) ) ) NATIONSTAR MORTGAGE, LLC d/b/a ) MR. COOPER, and CENLAR AGENCY, INC. ) d/b/a CENLAR FSB, ) ) Defendants. ) | Case No. 6:23-cv-03339-MDH |

## ORDER

Before the Court is Defendant Nationstar Mortgage LLC's ("Nationstar") Motion to Dismiss for Failure to State a Claim and Alternatively to Strike (Doc. 51). For reasons herein, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This class action arises out of a misapplication of funds from a Partial Claims Mortgage. Plaintiff is a resident of Missouri. Defendant Nationstar is a foreign limited lability company with its principal offices in Dallas, Texas.

Plaintiff entered into a mortgage with Flat Branch Mortgage, Inc. to purchase a single-family home (the "Property"). Due to the COVID-19 Pandemic, Plaintiff applied for, and was granted, a forbearance on her mortgage payments. By the conclusion of the forbearance period, Plaintiff accrued $20,748.00 in suspended payments. On August 26, 2021 Plaintiff executed a "Partial Claims Mortgage," which granted a lien on the Property to the Secretary of the Department of Housing and Urban Development ("HUD") in the amount of $20,748.00 in consideration for

1

HUD tendering such amount to the mortgage servicer and allowing Plaintiff to repay such suspended payments upon the completion of all other payments under the Mortgage Agreement. On September 2, 2021 Nationstar became the mortgage servicer of Plaintiff's mortgage. HUD tendered payment of the suspended payments in the amount of $20,749.89 but payment was not credited to the balance of the mortgage.

On January 26, 2022, Plaintiff made an application to refinance her mortgage, which alerted her to the alleged overstated payoff balance. Plaintiff contacted Nationstar multiple times to alert them of the error, but never received acknowledgement of the error or further response from Nationstar. On March 31, 2022 Plaintiff accepted the offer to refinance her mortgage subject to the overstated payoff balance in order to lock-in the low interest rate. Plaintiff engaged counsel to contact Nationstar. On April 13, 2022 Nationstar sent a letter acknowledging that it improperly stated the payoff amount under the Mortgage Agreement and that a $21,679.95 will be refunded within 20 business days. Nationstar failed to tender payment to Plaintiff until October 31, 2022 and only in the amount of $ 20,748.89. On December 7, 2023 Plaintiff discovered her Property was still encumbered by the Partial Claims Mortgage because Nationstar failed to execute and record a lien release in connecting with the Partial Claims Mortgage. On January 9, 2024 after filing this lawsuit, the lien on her Property had been released.

Plaintiff's Second Amended Complaint ("Complaint") asserts seven counts against Nationstar alleging: (1) violations of the Real Estate Settlement Procedures Act ("RESPA"); (2) breach of contract; (3) breach of duty under a theory of quasi-contract; (4) breach of implied covenant of good faith and fair dealing; (5) unjust enrichment; (6) conversion; and (7) seeking an equitable accounting. Nationstar challenges each count. The Court will take each in turn.

**STANDARD OF REVIEW**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**ANALYSIS**

I.  **Count I – RESPA**

Count I is a RESPA claim based on violations of 12 U.S.C. §§ 2605(k)(1)(C), 2605(k)(1)(E) and 12 C.F.R. §§ 1026.36(c)(1)(i), 1026.36(c)(1)(ii), and 1026.36(C)(3) stemming from Defendant allegedly overstating the payoff balance, failing to correct their errors, and not providing an accurate payoff statement in a reasonable time. (Complaint ¶¶ 49-51). Defendant argues that Plaintiff has not alleged that she made a qualified written request or notice of error and therefore she fails to state a claim under 12 U.S.C. § 2605(k)(1)(C). Defendant further states that Plaintiff fails to state a claim under 12 U.S.C. § 2605(k)(1)(E) because she cannot base a RESPA claim on an alleged violation of the Truth in Lending Act.

3

### a. 12 U.S.C. § 2605(k)(1)(C)

12 U.S.C. § 2605 details real estate settlement procedures concerning the servicing of mortgage loans and administration of escrow accounts. Section 2605(k)(1)(C) specifically states:

> A servicer of a federally related mortgage shall not fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties.

12 U.S.C. § 2605(k)(1)(C). The term "request" is not defined within the statute and as such the Court will look to other sources to ascertain the meaning of 12 U.S.C. § 2605(k)(1)(C). The Consumer Financial Protection Bureau (CFPB) issued rules to implement the Dodd-Frank Act amendments to the Truth In Lending Act (TILA) and RESPA. Regulation X implementing RESPA is detailed within 78 Fed. Reg. 10696 (Feb. 14, 2013). It states in relevant part:

> The Bureau has added § 1024.38(b)(1)(ii), which generally requires that servicers maintain polices and procedures that are reasonably designed to ensure that the servicer can investigate, respond to, and, as appropriate, make corrections in response to complaints, *whether written or oral*, asserted by borrowers. In addition, the Bureau has added a requirement in § 1024.38(b)(5) that servicers establish polices and procedures reasonably designed to achieve the objective of informing borrowers of the procedures for submitting written notices of error set forth in § 1024.35 and written information requests set forth in § 1024.36.

Mortgage Servicing Rules, 78 Fed. Reg. at 10738 (emphasis added). 12 C.F.R. § 1024.38 are the general servicing policies, procedures, and requirement. A servicer's objective should be to investigate, respond to, and, as appropriate, make corrections in response to complaints asserted by borrower. 12 C.F.R. § 1024.38(b)(1)(ii). Thus, a qualified written request or notice was not necessary in order to trigger an obligation to take timely action to respond to a borrower's request to correct errors relating to the allocation of payments.

Here, Plaintiff alleges she contacted Nationstar multiple times by telephone to alert them to the error regarding the Partial Claims Mortgage payment amount so that it could be corrected for the purpose of her upcoming refinancing. (Compliant ¶ 25). However, none of the representatives of Nationstar acknowledged the error, and Plaintiff received no further response. *Id*. Nationstar did not engage Plaintiff until Plaintiff's Counsel contacted Nationstar. (Complaint ¶ 30). Finally, even after acknowledging an improper payoff amount Nationstar did tender payment until October 31, 2022, minus interest accrued. (Complaint ¶ 32). Taking the allegations as true for the purposes of the motion to dismiss, Plaintiff raises a claim above a speculative level. She alleges she made a compliant to Nationstar and that Nationstar failed to respond to borrower's request to correct the error. For the reasons stated, Defendant's Motion to Dismiss on this claim is **DENIED**.

### b. 12 U.S.C. § 2605(k)(1)(E)

12 U.S.C. § 2605(k)(1)(E) states:

> A servicer of a federally related mortgage shall not fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(1)(E). Specifically, Plaintiff alleges this section is violated based on 12 C.F.R. §§ 1026.36(c)(1)(i), 1026.36(c)(1)(ii) and 1026.36(c)(3). (Complaint ¶ 51). Defendant argues the C.F.R. provisions Plaintiff cites are promulgated under the federal TILA and that there is nothing that authorizes a cause of action under RESPA based on an alleged violation of TILA's implementing of Regulation Z.

Defendant is correct. 12 C.F.R. § 1026.36 is under Regulation Z which deals specifically with TILA. The Court has found no case law indicating that a violation of Regulation Z can create liability under a RESPA claim. C.F.R. § 1024.35, part of Regulation X that details RESPA, defines

5

what is an error for purposes of the regulation. Sections 1026.36(c)(1) and (c)(3) are specifically mentioned and could give rise to a violation under § 1024.35. However, Plaintiff is foreclosed from citing a violation because, unlike her § 2605(k)(1)(C) claim, § 1024.35 requires a qualified written request. 12 C.F.R. 1024.35(a). Plaintiff fails to allege she made a qualified written request. Taking the allegations as true for the purposes of the motion to dismiss, Plaintiff fails to raise her claim above a speculative level. For the reasons stated, Defendant's Motion to Dismiss on this claim is **GRANTED**.

## II.     Count II – Breach of Contract

Count II is a breach of contract action premised on Defendant overstating the payoff balance, accepting payment in the amount of the overstated balance, failing to timely refund Plaintiff, and failing to timely execute and record a release of liens. (Complaint ¶ 55). Defendant argues that there is no sufficient allegation in the Complaint of a contract or any specific contract term that Defendant allegedly breached. Courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts may additionally consider matters incorporated by reference and exhibits attached to the complaint whose authenticity is unquestioned without converting the motion into one for summary judgment. *Zean v. Fairview Health Services*, 858 F.3d 520, 526 (8th Cir. 2017). Under Missouri law, a breach of contract action requires a plaintiff to allege "the existence of a valid contract, the rights of plaintiff and obligations of defendant under the contract, a breach by defendant, and damages resulting from the breach." *Lucero v. Curators of Univ. of Missouri*, 400 S.W.3d 1, 5 (Mo. Ct. App. 2013) (emphasis in *703 original). At the motion to dismiss stage attaching a contract or pointing to specific provisions in each contract is not necessarily required. *See, e.g., Snelling v. HSBC Card Servs., Inc.*, No. 4:14 CV 431 CDP, 2015 WL 3621091, at *10 (E.D. Mo. June 9, 2015) (denying motion to dismiss

6

breach of contract claim; stating, "although [plaintiff] has not set forth the explicit terms of the contract or attached the [contract] to his complaint, those failures are not dispositive of the contract claim at this state of the proceedings.").

Here Plaintiff has successfully demonstrated a contract by attaching the Deed of Trust as noted by Exhibit A (Doc. 47-1). Likewise, Plaintiff's Amended Complaint in tandem with Exhibit A (Doc 47-1) clearly shows what specific term is alleged to be breached by Defendants. Plaintiff's Complaint states:

> By overstating the payoff balance under the Mortgage Agreements, accepting payment in the amount of the overstated balance, and failing to timely refund Plaintiff and execute and record a release of liens in connection with the Mortgage Agreement, Defendants breached such contract.

(Complaint ¶ 55). The relevant part of Exhibit A states:

> 2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: [f]irst, to the Mortgage Insurance premiums to be paid by Lender to the Secretary or the monthly charge by the Secretary instead of the monthly mortgage insurance premiums; [s]econd, to any taxes, special assessments, leaseholds payments or ground rents, and fire, flood and other hazard insurance premiums, as required; [t]hird, to interest due under the Note; [f]ourth, to amortization of the principal of the Note; and, [f]ith, to late charges due under the note. Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.
>
> 25. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable law.

*Id*. at page 4 and 8. The Court finds that Plaintiff sufficiently alleges a claim for relief and for these reasons Defendant's Motion to Dismiss Count II is **DENIED**.

### III. Count III – Quasi Contract and Count V – Unjust Enrichment

Plaintiff brings Count III based on a breach of a quasi-contract and Count V an unjust enrichment claim that Defendant retained interest or other proceeds from investing the money that rightfully belongs to Plaintiff and the Class. (Complaint ¶¶ 59 and 68). Defendant argues Plaintiff may not recover on an implied, or quasi-contract theory when a valid, express contract governs the subject matter of the parties' dispute. Under Missouri law, a party may not recover on an implied, or quasi-contract theory when a valid, express contract governs the subject matter of the parties dispute. *White Knight Diner, LLC v. Owners Ins. Co., Inc.*, No. 4:17-CV-02406 JAR, 2020 WL 1445724, at *5 (E.D. Mo. Mar. 25, 2020). Although Missouri law prevents simultaneous recovery under both express contract and quasi-contract claims, it "does not preclude that plaintiff from pleading both theories in her complaint. *Id*. (quoting *Owen v. Gen. Motors Corp.*, No. 06–4067, 2006 WL 2808632, at *2 (W.D. Mo. Sept. 28, 2006). The Federal Rules of Civil Procedure permit a party to plead alternative theories of relief even if the theories are inconsistent. Fed. R. Civ. P. 8(a)(3); 8(d)(2), (3). For these reasons, Defendant's Motion to Dismiss Counts III and V are **DENIED**.

## IV.     Count IV – Breach of Implied Covenant of Good Faith and Fair Dealing

Count IV is a breach of implied covenant of good faith and fair dealing predicated on an express or implied contract between Plaintiff and Defendant alleging Defendant breached the covenant by overstating the payoff balance, accepting payment in the amount of the overstated balance, failing to timely refund Plaintiff, and failing to properly execute and record a release of liens. (Complaint ¶ 62). Defendant argues Count IV should be dismissed as Plaintiff fails to allege Defendant exercised any judgment that is conferred by the express terms of any agreement between the parties. Under Missouri law, a covenant of good faith and fair dealing is implied in every contract, but "there can be no breach of the implied … covenant … where the contract expressly

8

permits the actions being challenged, and the defendant acts in accordance with the express terms of the contract. *CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, 808 F.3d 747, 751 (8th Cir. 2015) (quoting *The Arbors at Sugar Creek Homeowners Ass'n v. Jefferson Bank & Tr. Co.*, 464 S.W.3d 177, 183 (Mo. 2015). The implied covenant is breached only if a party "exercises a judgment conferred by the express terms of the agreement in a manner that evades the spirit of the agreement and denies the [other party] the expected benefit of the agreement." *Id*. (quoting *Glenn v. HealthLink HMO, Inc.*, 360 S.W.3d 866, 877 (Mo.Ct.App.2012).

Here Plaintiff alleges multiple points of Nationstar exercising judgment. "HUD tendered payment of the suspended payments in the amount of $20,748.89 at some point between August 26, 2021 and December 31, 2021 but neither Cenlar nor Nationstar properly credited such payment to the balance of the Mortgage Agreement." (Complaint ¶ 22).

> Plaintiff contacted Nationstar multiple times be telephone to alert Nationstar to the error so that it could be corrected for the purpose of refinancing her mortgage, but none of the representatives of Nationstar acknowledged the error, and Plaintiff received no further response from Nationstar.

(Complaint ¶ 25).

> After Plaintiff engaged counsel to contact Nationstar on her behalf, Nationstar sent Plaintiff's counsel a letter finally acknowledging that it improperly stated the payoff amount under the Mortgage Agreement. A copy of the letter is attached to this Complaint as Exhibit C. Exhibit C states: "a check, in the amount of $21,679.95, will be refunded, to the address on file, within 20 business days of the payoff date." Despite acknowledging its errors on or around April 13, 2022, Nationstar failed to tender payment to Plaintiff until on or around October 31, 2022, and Nationstar failed to compensate Plaintiff for the loss of any interest which accrued on the misappropriated funds. Furthermore, Nationstar tendered payment in the amount of $20,748.89, which was $931.09 less than the amount it previously acknowledged overstating the payoff balance under the Mortgage Agreement.

(Complaint ¶¶ 30-33).

9

Nationstar had a duty to exercise the judgment pursuant to Paragraph 2 of the Warranty Deed (Doc. 47-1, page 4) to apply payments in a specific order. Plaintiff has attached a copy of the Warranty Deed to the Complaint and has made sufficient allegations as to the judgment exercised by Defendant. For these reasons, Defendant's Motion to Dismiss Count IV is **DENIED**.

V. **Count VI – Conversion**

Count VI is a claim for conversion on the theory that Plaintiff had a right of ownership and control over the funds which Defendant allegedly withheld. (Complaint ¶ 73). Defendant argues Count VI should be dismissed as Plaintiff failed to state a claim by not alleging that she paid Defendant any money nor Defendant diverted that money for its own purpose. "[c]onversion is the unauthorized assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Goodland Foods, Inc. v. Waddell, Inc.*, No. 4:16 CV 31 JMB, 2016 WL 1060374, at *3 (E.D. Mo. Mar. 17, 2016) (quoting *Bradley v. Transp. Sec. Admin.*, 552 F.Supp.2d 957, 961 (E.D. Mo. 2008). For a plaintiff to prevail on a conversion claim, the plaintiff must prove: "(1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession. *Id.* Conversion is not the appropriate action when the claim is solely for the recovery of money. *Boswell v. Panera Bread Co.*, 91 F.Supp. 3d 1141, 1145 (E.D. Mo. 2015). However, a narrow exception exists in cases where a plaintiff placed funds "in the custody of another for a specific purpose," and the defendant diverts those funds "for other than such specified purpose[.]" *Id.* (quoting *Dillard v. Payne*, 615 S.W.2d 53, 55 (Mo. banc 1981)).

Plaintiff's Complaint states that Plaintiff executed a Partial Claims Mortgage which granted alien on the Property to HUD in exchange for HUD tendering the amount owed in suspended payments to Plaintiff's mortgage servicer. (Complaint ¶ 18). Plaintiff alleges HUD issued payment to Nationstar and that Nationstar failed to properly credit the payment to the balance of the mortgage. (Complaint ¶ 22). Taking all allegations as true for the purposes of a motion to dismiss, this shows Plaintiff entrusted money with Defendant Nationstar by executing a Partial Claims Mortgage in which HUD paid the servicer $20,748.00 in return for Plaintiff owing the same amount to HUD upon the completion of all other payments under the Mortgage Agreement. Defendant did not apply the proceeds to Plaintiff's Mortgage and therefore diverted those funds for other than such specified purpose. For these reasons, Defendant's Motion to Dismiss Count VI is **DENIED**.

## VI. Count VII - Accounting

Plaintiff brings Count VII seeking a full accounting of the Mortgage Agreement. (Complaint ¶ 79). Defendant argues that Plaintiff does not allege a single element that would necessitate an equitable accounting. To establish a right to an equitable accounting, a party must show a need for discovery, complicated accounts, a fiduciary or trust relationship between the parties, and lack of an adequate legal remedy. *Eckel v. Eckel*, 540 S.W.3d 476, 488 (Mo. Ct. App. 2018) (citing *Gerken v. Sherman*, 276 S.W.3d 844, 855 (Mo. App. W.D. 2009). Of these, the existence of a fiduciary relationship is the most critical element to support the exercise of equitable jurisdiction. *American Button Co. v. Weishaar*, 170 S.W.2d 147, 152 (Mo.App.1943).

Here Plaintiff Count VII alleges "Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the proceeding paragraphs of this complaint. Defendants

11

overstated the payoff balance under the Mortgage Agreement. Plaintiff seeks a full accounting of the Mortgage Agreement." (Complaint ¶¶ 77-79). Nowhere within her Complaint does Plaintiff allege a need for discovery, complicated accounts, a fiduciary or trust relationship between the parties, or a lack of an adequate legal remedy. As such, Plaintiff has failed to plead facts that would necessitate an equitable accounting. For these reasons, Defendant's Motion to Dismiss Count VII is **GRANTED**.

### VII. Defendant's Alternative Motion to Strike Punitive Damages

Defendant argues that punitive damages are not available for violations of RESPA and contract-based claims. Defendant concedes that punitive damages are available for conversion claims if the conduct of the convertor was outrageous because of his evil motive or reckless indifference to the rights of others but states this standard has not been met. 12. U.S.C. § 2605(f) details what damages and costs may be remedied to the Plaintiff upon a successful RESPA claim under § 2605. The statute authorizes actual damages, any additional damages in the case of a pattern or practice of noncompliance not to exceed $2,000, any costs associated with bring the litigation. 12 U.S.C. § 2605. Nowhere does § 2605 authorize an award for punitive damages. *See Sarsfield v. Citimortgage, Inc.*, 667 F.Supp.2d 461, 470 (M.D. Pa. 2009). Thus, Defendant's Motion to Dismiss punitive damages on the Count I RESPA claim is **GRANTED**.

For contract-based claims the general rule is punitive damages are not recoverable. *Stamps v. Sw. Bell Tel.*, 667 S.W.2d 12, 13–14 (Mo. Ct. App. 1984) (citing *Williams v. Kansas City Public Service Company,* 294 S.W.2d 36, 40 (Mo.1956)). An exception to the general rule allows punitive damages to be recovered when plaintiff alleges and proves an independent and willful tort founded on the breach of contract. *Id*. Punitive damages shall not be awarded unless the claimant proves by

12

clear and convincing evidence that the defendant intentionally harmed the plaintiff without just cause or acted with a deliberate and flagrant disregard for the safety of others. Mo. Rev. Stat. § 510.261.1. Here, Plaintiff has alleged a count for conversion based on Defendants overstating the payoff balance and failing to correct their errors in a reasonable and timely fashion. (Complaint ¶¶ 71-72). This is an independent and willful tort founded on the breach of contract of the Mortgage Agreement. Taking the allegation as true for the purposes of a motion to dismiss, Plaintiff has sufficiently alleged facts that would raise punitive damages above a speculative level. For the reasons stated, Defendant's Motion to Dismiss punitive damages on Counts II-V are **DENIED** so long as Plaintiff can prove an independent and willful tort founded on the breach of contract claim.

Punitive damages are allowed in Missouri for conversion if the fact finder specifically finds that "the conduct of the convertor was outrageous because of his evil motive or reckless indifference to the rights of others." *Whirlpool Fin. Corp. v. Mercantile Bus. Credit, Inc.*, 886 F. Supp. 700, 704 (E.D. Mo. 1995). Here, Plaintiff has alleged facts that, if taken as true, would show a reckless indifference to the rights of others. Plaintiff alleged Defendant acknowledged the error at issue after Plaintiff engaged counsel to contact Nationstar on her behalf. (Complaint ¶ 30). That Defendant, even after acknowledging the error, took over six months from the stated refund date to provide payment to Plaintiff. (Complaint ¶ 32). Lastly Defendant received $931.09 less than the amount promised. (Complaint ¶ 33). For the reasons stated, Defendant's Motion to Dismiss punitive damages on the Count VI conversion claim is **DENIED**.

## CONCLUSION

For the reasons set forth herein, Defendants Motion to Dismiss for Failure to State a Claim and Alternatively Strike is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.
DATED: December 5, 2024

                                         */s/ Douglas Harpool*
                                         **DOUGLAS HARPOOL**
                                         **UNITED STATES DISTRICT JUDGE**

14

Case 6:23-cv-03339-MDH    Document 66    Filed 12/05/24    Page 14 of 14